Thomas Earl PARR, Appellant,

v.

The STATE of Texas, Appellee.

No. 55287.

Court of Criminal Appeals of Texas.

Oct. 26, 1977.

Al T. Davis, Odessa, for appellant.

John H. Green, Dist. Atty., and Dennis Cadra, Asst. Dist. Atty., Odessa, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for delivery of methamphetamine. The appellant entered a plea of guilty and elected to have the jury assess his punishment. Pun-

ishment, enhanced by one prior conviction, was assessed at 99 years.

In appellant's first and second grounds of error, he claims that the court erred by not allowing him to fully explain, upon redirect examination, the underlying circumstances of his prior convictions after these circumstances relative thereto had been partially explored by the prosecutor on cross examination.

The record reflects that on February 25, 1975, the appellant pled guilty to two charges of sale of amphetamine and one charge of possession of marihuana. He was given a 5-year sentence for each charge, which sentences ran concurrently. The indictment in the present case alleged one of the sale of amphetamine convictions for enhancement purposes.

During the trial before the jury, the State introduced appellant's "prison packet." The packet contained copies of the judgment and sentence for each of the three prior convictions.

The appellant testified in his own behalf. During cross examination by the prosecutor, the following occurred:

"Q. You went down to the penitentiary for 5 years for sale of methamphetamine, amphetamine twice, didn't you? In other words, you sold on two different times, didn't you?

"A. I plead guilty to those charges, yes.

"Q. To selling to an agent, that was just sales you made to an agent and that was just on these dates. You were running in the community then when these sales were made, weren't you?

"A. Yes, I was.

"Q. All right. And then also you went down on possession of marijuana, didn't you, which occurred on a separate day?

"A. That is true.

"Q. All right. *And you were running around here in our county selling dope, weren't you?*

"MR. DAVIS [defense counsel]: Your Honor, I believe that question could be specified.

"THE COURT: I will overrule your objection.

"Q. *You were running around here in these people's county selling dope, weren't you?*

"A. I say this—

"Q. My question was were or were you not?

"A. I was not guilty of the indictment I was charged with.

"Q. Oh, you weren't? *Why did you plead guilty then?*

"A. Because I was threatened with 99 years sentence for possession of marijuana if I did not plead guilty.

"Q. Who threatened you with that?

"A. The district attorney's office.

"Q. Did I threaten you with that sentence?

"A. The district attorney's office.

"Q. My question is who in the district attorney's office?

"A. I don't remember any individual.

"Q. All right. Let's go back to plea bargaining then. You knew—

"A. My attorney came to me and told me this. I don't know who, Mr. Green.

"Q. So you went down for the best deal you could you get which you are trying to get these people here to do where you won't go down for 99 years, isn't that right? You don't want to go down for 99, you would be down there a little while, wouldn't you? . . ." [Emphasis added.]

On redirect examination, appellant's attorney tried to explore the matter further:

"Q. Tommy, if you didn't actually make sales that you plead guilty to back, why did you plead guilty?

"MR. GREEN: Why he pled guilty is of no concern to this jury. The record speaks for itself, we have had hearings on this.

"MR. DAVIS: The district attorney opened this up himself, Your Honor.

"THE COURT: I don't believe at this point he can go behind that."

At the request of appellant, the court excused the jury and appellant stated that he wanted to make a bill of exception. Upon counsel asking appellant why he entered pleas of guilty to the sales, the court admonished counsel "that all this has been gone into on the hearing outside the presence of the jury prior to the time this trial started and why he plead guilty . . . it is all a matter of record." The record does reflect that appellant was asked the following questions before appellant proffered the testimony asked at pre-trial to which the court made reference:

"Q. What did you think you were going to get if you pled guilty to the possession of marijuana at that time?

"A. If I pled guilty?

"Q. Yes.

"A. Five years.

"Q. If you were tried on the marijuana?

"A. Life sentence."

The record at pre-trial to which the court referred and which appellant makes a part of his bill by reference reflects that appellant testified that he was indigent when he was charged with the offenses, that a lawyer was appointed for him and that he told the lawyer that he was not guilty of the sale charges but that he was guilty of possession of marihuana. Appellant further related that his court-appointed counsel would not discuss anything but a plea of guilty with him and advised him that even if he beat the sale charges and went to trial on the possession of marihuana that "I was guaranteed 99 years on possession, or life."

This Court has held the State cannot show the details of the offenses resulting in convictions offered at the punishment stage of the trial under Art. 37.07, V.A.C.C.P. *Lege v. State,* 501 S.W.2d 880; *Mullins v. State,* 492 S.W.2d 277.

Appellant contends that once the State had opened the inquiry into why the appellant pled guilty he was entitled to further explore the issue. Appellant relies on Art. 38.24, V.A.C.C.P., which provides, in pertinent part:

"When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other . . .."

In *McElroy v. State,* 528 S.W.2d 831, the trial court allowed the State to introduce a prior conviction during the punishment stage of the trial, but refused to allow the defendant to show a subsequent court order setting aside the probated sentence and dismissing the indictment. This Court held it was error under Art. 38.24, supra, not to allow the defendant to prove his contention.

In *Bermudez v. State,* 504 S.W.2d 868, the defendant subpoenaed a records officer from the Dallas Police Department to testify about prior contacts between himself and the police. After the defendant had questioned the witness on the contents of some of the records, the court allowed all of the records to come into evidence. This Court found this to be proper under Art. 38.24, supra. See also *Williams v. State,* 427 S.W.2d 868.

■ It is well established that the evidence which is used to fully explain a matter opened up by the other party need not be ordinarily admissible. In *Lucas v. State,* 479 S.W.2d 314, the defendant revealed the fact that he had taken a polygraph examination and claimed the results were inconclusive. The State then proved that the defendant had in fact not passed the test. This Court held that this was proper under Art. 38.24, supra.

In *Burns v. State,* 556 S.W.2d 270, the defendant, in an effort to impeach a witness, cross examined the witness extensively about an extraneous offense which had occurred a week prior to the offense in question. We held that as a result of the defendant's examination of the witness relative to the extraneous offense the State was entitled to inquire into "the whole on the same subject inquired into."

■ In the instant case, after the appellant had answered the prosecutor's questions relative to three prior convictions, the prosecutor first broached the subject of the

details behind the convictions by asking, "You were running around here in our county selling dope, weren't you?" The court overruled appellant's objection thereto and the prosecutor then asked, "You were running around here in these people's county selling dope, weren't you?"

Appellant then answered that he was not guilty of the indictment and the prosecutor inquired, "Why did you plead guilty then?" and pursued such inquiry further by questioning appellant relative to the plea bargaining in such cases.

With the prosecutor having gone into the subject of appellant selling dope in the county, why appellant entered a plea of guilty, and the plea bargaining resulting in the pleas, it was error for the court to refuse to allow appellant on redirect to testify as to why he entered a plea of guilty.

We are unable to say that the error was harmless in light of the ninety-nine years punishment assessed appellant by the jury. The range of punishment under V.T.C.A. Penal Code, Sec. 12.42(c), is from 15 to 99 years, or life.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.