Affirmed and Opinion filed April 13, 2006









Affirmed
and Opinion filed April 13, 2006.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00494-CR

____________

 

STEVEN LEWIS
BEDWELL,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 23rd
District Court

Brazoria County, Texas

Trial Court Cause No. 45,893

 



 

O P I N I O N

Appellant entered a plea of not guilty to
felony driving while intoxicated (DWI). 
He was convicted, and the court assessed punishment at ten years= confinement in
the Texas Department of Criminal JusticeCInstitutional
Division.  In four issues, appellant
contends (1) the evidence is legally and factually insufficient to support the
conviction, and (2) the trial court erred in admitting evidence of extraneous
offenses.  We affirm.

Background

On September 24, 2003 at 9:30 in the
morning, Officer Steven Alexander of the Brazoria County Sheriff=s Department
received a dispatch advising of a reckless driver.  He followed the driver and observed him
driving erratically, crossing the white side line and crossing the yellow
center strip several times.  When
Alexander turned on his emergency lights, appellant made a U-turn in front of
oncoming traffic into a driveway. 
Alexander blocked appellant=s retreat and
appellant stopped.  When appellant exited
his car, Alexander testified he observed that appellant was extremely
intoxicated.  Alexander testified
appellant experienced difficulty standing, his speech was slurred, and he was A[q]uite oblivious
to the fact that he was even alive.@  Alexander asked appellant why he was driving
erratically, and appellant responded that he was taking several medications
that affected him adversely.  Alexander
believed that appellant had lost the normal use of his mental and physical
faculties through the ingestion of drugs. 


Alexander called Department of Public
Safety Trooper Jerone Johnson to conduct further tests because Johnson was more
familiar with the field sobriety tests to be administered.  Appellant told Johnson he was taking three or
four medications, one of which was a muscle relaxer.  Appellant had taken Lorazepam, which
contained a label warning the user to use care in operating machinery or a
motor vehicle.  Johnson administered the
walk-and-turn test and the one-leg-stand test and determined that appellant was
heavily intoxicated.  Using the
videotaping equipment in his patrol vehicle, Johnson recorded the
administration of the field sobriety tests. 
The videotape was shown to the jury.

Sufficiency of
the Evidence








In his first and second issues, appellant
contends that the evidence is legally and factually insufficient to support a
conviction for DWI.  Specifically,
appellant contends that the State failed to prove, through expert testimony,
that appellant was intoxicated as a result of taking prescription
medication.  In considering a legal
sufficiency challenge, we view the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 
Although we examine all of the evidence presented at trial, we may not
re‑weigh the evidence or substitute our judgment for that of the
jury.  Id. 

For the jury to find appellant guilty of
DWI, the charge required the State to prove that appellant operated a motor
vehicle in a public place, while intoxicated by reason of the introduction of
alcohol, a controlled substance, a drug, or a combination of two or more of
those substances, or any other substance into the body.  Tex.
Pen. Code Ann. '' 49.01(2), 49.04.  Appellant does not challenge the State=s proof that
appellant was operating a motor vehicle in a public place.  Appellant contends that the State presented
no expert testimony that any of the drugs taken by appellant, individually or
in combination, impaired appellant at the time of his arrest.  

In Smithhart v. State, 503 S.W.2d
283 (Tex. Crim. App. 1973), the Court of Criminal Appeals determined that while
a non-expert witness may express an opinion that a person was under the
influence of alcohol based on the witness=s observation, the
rule as to whether a non-expert may testify whether a person is under the
influence of drugs is different.  Id.
at 284.  In Smithhart, the court
determined that a peace officer with only four months= experience was
not qualified to testify as to whether the accused was under the influence of
drugs.  Id. at 285.  The court held, however, that the State could
show through circumstantial evidence that the accused was driving while under
the influence of drugs.








In this case, the jury could have relied
on circumstantial evidence and appellant=s admissions to
determine he was driving while intoxicated. 
Both Alexander and Johnson testified that appellant was obviously
intoxicated and had difficulty maintaining his balance.  Alexander testified that appellant was
driving erratically and was a danger to himself and others.  Appellant admitted to the officers on
videotape that he had taken at least three prescription medications that
morning, which made him sleepy.  The
videotape of the field sobriety tests shows that appellant=s speech was
slurred and that he could not maintain his balance while performing the
tests.  Appellant=s demeanor and his
performance on the sobriety tests provided circumstantial evidence on which the
jury could have relied in its determination that appellant did not have the
normal use of his mental or physical faculties by reason of the introduction of
one or more substances into his body. 
Therefore, a rational trier of fact could have found the essential
elements of DWI beyond a reasonable doubt. 
Appellant=s first issue is overruled.

When conducting a factual sufficiency
review, we view all of the evidence in a neutral light and determine whether
the jury was rationally justified in finding guilt beyond a reasonable
doubt.  See Zuniga v. State, 144
S.W.3d 477, 484 (Tex. Crim. App. 2004). Appellant=s mother testified
that appellant lived with her and that he was ill, not intoxicated, on the
morning of his arrest.  She testified
that when appellant took his prescribed medication, his speech often became
slurred.  She further testified that
appellant=s illness sometimes affected his
balance.  As the exclusive judge of the
facts, the credibility of the witnesses, and the weight to be given their
testimony, the jury may believe or disbelieve all or any part of a witness=s testimony.  Penagraph v. State, 623 S.W.2d 341,
343 (Tex. Crim. App. 1981).  A jury=s decision is not
manifestly unjust merely because the jury resolved conflicting views of
evidence in favor of the State.  Cain
v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997).  Here, the jury chose to believe the officers= testimony that
appellant was intoxicated on the morning of the arrest.  Therefore, the jury was rationally justified
in finding guilt beyond a reasonable doubt. 
Appellant=s second issue is overruled.

Evidentiary
Issues

In his third issue, appellant contends
that the trial court erred in admitting evidence of an extraneous bad act.  On cross-examination of Trooper Johnson,
appellant asked about appellant=s normal speech
pattern:

Q. [by defense counsel]:  And do you know what Mr. Bedwell=s normal pattern of speaking might
be like?








A. 
Yes, ma=am, I do.

 

Q. 
And how do you know that, sir?

 

A. 
Because I worked an accident on Mr. Bedwell where he left a straight
road with no turns, left the road and struck a parked vehicle, and I spoke with
him that day and I did not perform field sobriety test on him.

 

Q. 
And did you observe his voice was slurry that day as well?

 

A. 
No, it was not, ma=am.

 

On re-direct
examination, the prosecutor asked the following questions:

 

Q. [by the prosecutor]:  Okay. 
And during the questioning by the defense counsel you mentioned that you
had another instance, another run-in with Mr. Bedwell, the defendant; is that
correct?

 

A. 
That=s correct.

 

Q. 
Okay.  And can you tell the jury
about how long after your initial arrest of the defendant did this occur?

 

A. 
I would say approximately six months.

 

Q. 
And if you recall, can you tell them the events of what happened when
you had your second run-in with the defendant?

 








Appellant objected that evidence of
Johnson=s second encounter
with appellant was irrelevant and that its prejudicial effect outweighed its
probative value.  The trial court
permitted the testimony because appellant had earlier opened the door during
cross-examination.  Johnson testified
that approximately six months after he arrested appellant, he investigated a
one-car accident in which appellant was involved.  Johnson testified that on the day of the
accident, appellant had a clear voice and no signs of intoxication.

We review a trial court=s ruling on the
admission of evidence for an abuse of discretion.  See Weatherred v. State, 15 S.W.3d
540, 542 (Tex. Crim. App. 2000).  Once a
matter is opened by the opposing party, evidence to fully explain the matter is
admissible, even though the evidence might otherwise have been inadmissible.  Parr v. State, 557 S.W.2d 99, 102
(Tex. Crim. App. 1977); Jensen v. State, 66 S.W.3d 528, 539 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d). 
By questioning Johnson about whether he had observed appellant=s speech pattern
at another time, appellant opened the door to the testimony about the
subsequent accident.  See Gilbert v.
State, 874 S.W.2d 290, 296B97 (Tex. App.CHouston [1st
Dist.] 1994, pet. ref=d) (asking a police officer why he was
familiar with a defendant opened the door to evidence the officer had arrested
the defendant for a narcotics violation). 
The trial court did not abuse its discretion in admitting evidence of
appellant=s accident six months after the DWI
arrest.  Appellant=s third issue is
overruled.

In his fourth issue, appellant contends
that the trial court erred in admitting evidence of prior criminal acts.  At the guilt-innocence stage of trial,
appellant=s mother testified on his behalf.  When asked about appellant=s past conduct,
his mother testified as follows:

Q.      Has
he leveled up to what he=s done wrong with you in the past?

A.      Yes, he has.  He=s actually appeared in court when the Judge has told him
to, knowing that he may even be going to jail. 
But he showed up, and he was there. 
He knows when he=s done it.

 

Outside the presence of the jury, the
State contended that the mother=s testimony had
opened the door to questioning about appellant=s prior criminal
history.  Appellant=s counsel argued
the door had not been opened.  The trial
court held that the State could ask appellant=s mother if she
had personal knowledge of appellant=s appearances in
court.  The court specifically instructed
the State not to ask about the underlying convictions.  








On cross-examination, the State asked
appellant=s mother about the conditions of his
probation and whether he had violated those conditions by driving without being
accompanied by his mother.  Appellant
objected as follows:

[Defense Counsel]:  Objection, Judge.  That does not go to the DWI.  That is not an element whatsoever towards
this DWI.

 

[Prosecutor]:  Your Honor, this witness has said that her son
is honest with her and that she=s not going to lie for him and I believe that just isn=t true and this shows it.

 

[Defense Counsel]:  Your Honor, again, I would say that does not
go to any element.

 

THE COURT:  I=ll allow this for limited purposes of assisting the jury,
if it does assist the jury, in determining the credibility of this witness and
not as underlying evidence of guilt in this particular case.  It=s limited to her credibility.

 

The prosecutor subsequently questioned
appellant=s mother on a number of specific court
appearances and asked if she had personal knowledge that he appeared each
time.  Appellant objected, arguing the
evidence was irrelevant and further objected as follows:

[Defense Counsel]:  The legal objection is there has been a stipulation.  The legal objection is that this evidence
will be more prejudicial than will have probative value.  This objection is he=s on a fishing expedition.

 

The trial court permitted the prosecutor to ask
appellant=s mother about whether she remembered each
of appellant=s court appearances.  The court instructed the jury they were only
to consider the evidence for the limited purpose of determining the credibility
of the witness.








On appeal, appellant contends that the
evidence was improper impeachment under Rule 609 of the Texas Rules of
Evidence.  To properly preserve an issue
for appellate review, there must be a timely objection that specifically states
the legal basis for the objection.  Rezac
v. State, 782 S.W.2d 869, 870 (Tex. Crim. App. 1990).  An objection stating one legal basis may not
be used to support a different legal theory on appeal.  Cook v. State, 858 S.W.2d 467, 474
(Tex. Crim. App. 1993).  The complaint
appellant now raises does not comport with the objection he voiced at
trial.  At trial, appellant objected that
the evidence was not relevant and its prejudicial effect outweighed its
probative value.  See Tex. R. Evid. 403, 404.  On appeal, he argues the evidence was
improper impeachment.  See Tex. R. Evid. 609.  An objection that evidence is irrelevant and
prejudicial is different from an objection that evidence is being used to
improperly impeach a witness.  Therefore,
appellant has waived error.  Appellant=s fourth issue is
overruled.

The judgment of the trial court is
affirmed.

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Opinion filed April 13, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).