Opinion issued July 20, 2006






     






In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00867-CR




ANTONIO ONEICMO TOVAR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 925589




O P I N I O N

          Appellant, Antonio Oneicmo Tovar, appeals from a conviction for the first
degree felony offense of aggravated sexual assault of a child under the age of 14. 
See Tex. Pen. Code Ann. § 22.021(a)(1)(B)(iii) (Vernon 2004). Appellant pleaded
not guilty to the indictment that alleged that his sexual organ contacted the sexual
organ of complainant. A jury found appellant guilty, assessing his punishment at 23
years in prison. Appellant’s sole issue asserts that the trial court erred by admitting
into evidence, over his timely objection, a videotaped interview of complainant. We
conclude that, because appellant’s attorney’s cross-examination opened the door to
the content of the statement, the trial court did not abuse its discretion by admitting
the videotaped statement given by complainant. We therefore affirm. 
Background
          Complainant is the cousin of appellant’s wife. In April 2002, when
complainant was 12 years of age, she went to appellant’s apartment to babysit his two
young children: his daughter, who was about six or seven years of age, and his son,
who was approximately 18 months of age. That evening, complainant retired alone
into appellant’s daughter’s bedroom to spend the night at appellant’s residence
because she did not have a ride home. 
          Later that night, complainant awoke to find appellant lying in bed next to her. 
Appellant fondled her breast, unzipped his pants, and pulled her hand towards his
sexual organ. When complainant pulled away, appellant got on top of her, removing
her pants and panties. Appellant tried to penetrate her anus with his finger. 
Appellant then attempted to penetrate complainant’s female sexual organ with his
male sexual organ by pushing his organ against her for about 15 minutes. Appellant
then got off complainant and left the room. Complainant locked the door to the
bedroom, dressed herself, and went to sleep. 
          The next morning, appellant apologized to complainant, claiming that he had
been drunk and had not known what he was doing. Although complainant initially
told only a teenage friend about the assault, she later told her mother about it. 
Complainant was examined at Texas Children’s Hospital and interviewed by a social
worker at the Children’s Assessment Center (CAC), where her statement was
recorded on videotape.
          Complainant’s mother gave to a police officer the clothes that complainant
wore on the night of the assault. Semen that was found on complainant’s panties had
DNA that was consistent with appellant’s DNA profile. In a random population, the
DNA profile obtained from the sperm cells on complainant’s underwear would occur
in one in 6.2 billion people.
          At trial, appellant’s attorney cross-examined complainant by impeaching her
with her statements that were recorded in medical records from Texas Children’s
Hospital. The medical records contained complainant’s statement that appellant was
on top of her and naked from the waist down when she awoke, rather than next to her
with his pants on, as she had testified to the jury. The medical records also showed
that complainant did not tell medical personnel that appellant had tried to get her to
feel his sexual organ with her hand, which differed from her testimony to the jury that
described appellant’s having pulled her hand toward his organ. Appellant’s
attorney’s cross-examination also questioned why complainant had not cried out for
help or immediately told appellant’s wife about the assault. Appellant’s attorney
further questioned complainant about whether appellant had actually penetrated her
sexual organ or not, by asking, “So, yesterday, you said you think he was trying to put
his penis in the vagina. Today you’re saying that he actually did put his penis in your
vagina?” Complainant responded “yes” to the question.
          Appellant’s attorney’s cross-examination also impeached complainant with her
statements that were supposedly made to a social worker and recorded on videotape
at the CAC. Appellant’s attorney questioned complainant as follows: 
[Appellant’s attorney]: Do you remember telling the social worker
that Mr. Tovar – or – had actually put his
finger in your vagina?
 
[Complainant]: No, I don’t remember. 
 
. . . 
[Appellant’s attorney]: Okay. Do you recall going some place and
talking with some lady about what happened? 
It would have been a few days later, about 10
days after you went to the doctor.
 
[Complainant]: Yes.
 
[Appellant’s attorney]: Okay. Do you remember telling that lady that
when this attack – or when this incident
happened, that Brittany was in the room with
you?
 
[Complainant]: No.
 
          [Appellant’s attorney]:    You don’t remember saying that at all? 
 
          [Complainant]:                No.
 
[Appellant’s attorney]: Okay. Do you remember telling that lady that
you didn’t know if Mr. Tovar had actually put
his penis inside your vagina?
 
[State’s Attorney]:Objection to improper impeachment.
 
The Court: Overruled. You may ask that.
 
[Appellant’s attorney]: Do you recall?
 
[Complainant]: No.
 
[Appellant’s attorney]: Do you remember talking with that lady? 
And if you don’t remember, that’s fine. Do
you remember much of the conversation or
not?
 
[Complainant]: No.

Immediately after having asked these questions, appellant’s attorney passed the
witness, and the State offered into evidence the videotaped statement of the
complainant. The trial court overruled appellant’s attorney’s objection to the
videotape and admitted it into evidence.
          On the videotaped statement, complainant said that she had gone to bed alone
in appellant’s daughter’s room and that appellant’s daughter had slept in appellant’s
bedroom. After complainant had gone to sleep, she awoke to find appellant lying
next to her in bed. Appellant removed the pants and panties that complainant was
wearing and touched her breasts with his hand. Complainant said that appellant also
kissed her on the mouth and on her breast, that he pulled her hand to touch his penis,
and that he tried to put his penis in her mouth, but she moved away. Complainant
stated that appellant’s penis touched her vagina when he “tried to put his penis in my
vagina” and that appellant stopped when he could not get inside her. She further
stated that appellant’s penis touched her vagina, but she did not know “if it went
inside.” The next morning, appellant asked her if she was okay, and she responded,
“Not really.” Appellant told complainant not to tell anyone what he had done because
he would get in trouble, and he laughed after he asked if it was her first time.Preservation of Error Although the State has not complained that error was waived, as a preliminary
matter, we determine whether appellant’s trial objection preserved the right to
complain about the trial court’s admission of this evidence. See Rezac v. State, 782
S.W.2d 869, 871 (Tex. Crim. App. 1993) (holding that court of appeals errs if it
addresses issues not preserved by proper presentation to trial court). Rule 33.1 of the
Rules of Appellate Procedure requires that a party state “the grounds for the ruling
that the complaining party sought from the trial court with sufficient specificity to
make the trial court aware of the complaint, unless the specific grounds were apparent
from the context.” Tex. R. App. P. 33.1(a)(1)(A). Appellant’s point of error on
appeal must comport with his objection at trial. See Guevara v. State, 97 S.W.3d 579,
583 (Tex. Crim. App. 2003) (holding that appellant failed to preserve any error
regarding victim-impact evidence’s admission because his objection at trial did not
comport with complaint raised on appeal). Generally, a party’s failure timely and
specifically to object at the trial-court level waives error. Tex. R. App. P. 33.1; Blue
v. State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000). In making objections, there are
no technical considerations or form of words to be used; straightforward
communication in plain English will always suffice. Ex parte Little, 887 S.W2d 62,
65 (Tex. Crim. App. 1994). An objection may be in phrased in any manner that
sufficiently apprises the trial court and opposing counsel of the nature of the
complaint. Id.  
          The record shows as follows:
[State’s attorney]: Since he was able to go into and get
inconsistent statements of the videotape, I
believe he has opened the door to my putting
the videotape on for prior consistent
statements.
 
The Court: I think that’s probably true. Do you want to
be heard on that, Mr. McCoy?
 
[Appellant’s attorney]: Your honor, I don’t think I have opened the
door; but, I’m not going to make - - I will just
object to it for the record and let you rule.
   
Because appellant’s attorney objected at trial to the State’s proffer of the videotape
as a prior consistent statement, we conclude that the trial court was on notice that
appellant was objecting to the State’s offer of the videotape as a prior consistent
statement by complainant, and that issue is therefore preserved for appeal.


 
Appellant’s other appellate complaints, however, concerning rule 107 of the Rules
of Evidence


 and article 38.07 of the Code of Criminal Procedure


 are waived because
appellant presented no objections on those grounds to the trial court. See Tex. R.
App. P. 33.1(a)(1)(A). Admission of Videotaped Interview of Complainant 
          We assume without deciding that the trial court erred by admitting the
videotape as a prior consistent statement over appellant’s trial-court objection. An
appellate court, however, must uphold the trial court’s evidentiary ruling if it is
reasonably supported by the record and correct under any theory of law applicable to
the case. Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). We
conclude that because the videotape was properly admissible under rule 107 of the
Rules of Evidence, no error occurred in the admission of the videotape. 
          The standard of review for a trial court’s ruling under the Rules of Evidence
is abuse of discretion. Sauceda v. State, 129 S.W.3d 116, 120 (Tex. Crim. App.
2004). Under the rule of optional completeness, “[w]hen a part of an act, declaration,
conversation, writing or recorded statement is given in evidence by one party, the
whole on the same subject may be inquired into by the other, . . . as when a letter is
read, all letters on the same subject between same parties may be given.” Tex. R.
Evid. 107. The purpose of the rule is to reduce the possibility of the jury’s receiving
a false impression from hearing only a part of some act, conversation, or writing. 
Credille v. State, 925 S.W.2d 112, 116 (Tex. App.—Houston [14th Dist.] 1996, pet.
ref’d). When defense counsel pursues a subject that would ordinarily be outside the
realm of proper comment by the prosecutor, the defendant opens the door and creates
a right of reply for the State. Id.; accord Parr v. State, 557 S.W.2d 99, 102 (Tex.
Crim. App. 1977); Sherman v. State, 20 S.W.3d 96, 101 (Tex. App.—Texarkana
2000, no pet.). A party who opens a door to an issue “cannot complain when the
opposing party desires to go into the details of that subject.” See Sherman, 20 S.W.3d
at 101. More specifically, under rule 107, the State is entitled to admission of a
complainant’s videotaped statement when (1) the defense attorney asks questions
concerning some of the complainant’s statements on the videotape, (2) the defense
attorney’s questions leave the possibility of the jury’s receiving a false impression
from hearing only a part of the conversation, with statements taken out of context,
and (3) the videotape is necessary for the conversation to be fully understood. 
Credille, 925 S.W.2d at 117; Aguirre v. State, No. 08-05-00015-CR, 2006 WL
304547, at *3–4 (Tex. App.—El Paso Feb. 9, 2006, pet. ref’d) (not designated for
publication). Although the defense attorney’s questions pertain to the complainant’s
statements on the videotape, rule 107 does not permit the introduction of the
videotape by the State when (1) the videotape is unnecessary to show the context of
the statement, such as the absence of a statement by the complainant rather than the
existence of any directly contradictory statement, and (2) the admission of the
videotape would likely create confusion, such as through references to extraneous
offense evidence. Sauceda, 129 S.W.3d at 121–24.
          Through his cross-examination, appellant’s trial attorney stated that the
videotape contained complainant’s statement that Brittany was in the bedroom at the
time of the assault. Contrary to that representation, the videotape shows that
complainant said she was alone in the bedroom with appellant. Complainant’s
videotaped statement was, therefore, consistent with her trial testimony. Appellant’s
attorney’s cross-examination question to complainant that asked whether she
“remembered” telling the interviewer “that Brittany was in the room with you” thus
falsely suggested that complainant had given inconsistent statements about the
presence of another person during the assault. We conclude that the admission of the
videotape was necessary fully and fairly to explain the contents of complainant’s
videotaped statement because appellant’s attorney misrepresented the contents of that
statement. See Credille, 925 S.W.2d at 116. By suggesting that the videotaped
statement contained a statement that it did not, appellant gave the State a “right of
reply” to “go into the details of that subject” to correct the false impression left by
appellant. Sherman, 20 S.W.3d at 101; accord Credille, 925 S.W.2d at 117; Ramirez,
802 S.W.2d at 676. 
          Through his cross-examination, appellant’s trial attorney also suggested that
complainant was unaware whether she had been sexually assaulted. During his cross-examination of complainant, appellant’s attorney asked, “Do you remember telling
that lady that you didn’t know if Mr. Tovar had actually put his penis inside your
vagina?” Complainant responded, “No.” The implication of appellant’s attorney’s
question was that complainant was unaware of whether she had been sexually
assaulted. Taken in context, however, complainant’s statements that appellant
touched her female sexual organ with his sexual organ when he attempted penetration
were necessary for complainant’s conversation with the interviewer to be fully
understood and to correct the false impression that complainant was unaware whether
she had been sexually assaulted. We conclude that the videotape was admissible for
the conversation to be fully understood. See Credille, 925 S.W.2d at 117. Moreover,
the videotape is admissible under these circumstances that show that “defense counsel
introduced specifics as to the context of the videotape on cross-examination.” Graves
v. State, 176 S.W.3d 422, 429 (Tex. App.—Houston [1st Dist.] 2004, no pet.)
(holding that videotape of child complainant was admissible as prior consistent
statement and because appellant had “opened the door” by introducing specifics of
videotape on cross-examination). 
          We note further that the videotape pertained only to complainant’s statements
made about this aggravated sexual assault by appellant against her alone, on this
single occasion, and thus the videotape would not likely create confusion through the
inclusion of unrelated extraneous offenses. See Sauceda, 129 S.W.3d at 121–24. 
Moreover, the issue here did not concern the absence of a statement, but, rather, the
content of the statements on the videotape and the context of those statements. See
id.      
          We conclude that appellant’s attorney’s inquiry into part of the contents of
complainant’s statement that was recorded on videotape left a false impression with
the jury regarding the contents of that statement, and thus the remainder of that
statement was admissible under the rule of optional completeness so that the
conversation between complainant and the interviewer could be fully understood. See
Tex. R. Evid. 107; Credille, 925 S.W.2d at 117; Aguirre, 2006 WL 304547, at *3–4. 
We hold that the trial court did not abuse its discretion by admitting complainant’s
videotaped statement. 
          We overrule appellant’s sole issue.
           Conclusion
          We affirm the judgment of the trial court.
 

                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Alcala.
Justice Jennings, concurring in the judgment.
Publish. See Tex. R. App. P. 47.2(b).