Dennis FISHER, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–02–00516–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 27, 2003.

and the trial court assessed punishment at life imprisonment. On appeal, Fisher complains that the trial court erred in allowing the guardian of the complaining child to testify that the child was telling the truth. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In November 1998, Peggy Turner, an investigator for the Texas Department of Protective and Regulatory Services received a referral that Alice[1] was living in a home with a suspected sex offender. Turner interviewed Alice, then age six, at her elementary school, and during that interview, Alice informed Turner that her uncle, Dennis Fisher, had abused her almost a year earlier. Alice also told Turner that she had been abused by her brother Brian and her cousin Charles. The record indicates that Brian and Charles were both six or seven at the time.

At the May 2002 trial, the State called Alice, then ten years old, as its first witness. She testified that in December of 1997, when she was five years old, her uncle Dennis Fisher visited the home where she lived with her aunt. She stated that Fisher took her into the detached garage and placed her on a set of tires. Fisher pulled her pants down, and then pulled his pants and underwear down. Alice described her legs as being apart and Fisher putting his penis inside her. Alice testified that Fisher moved his penis around inside her, then pulled up his pants, and pulled up her pants. Alice testified that before they left the garage, Fisher instructed her to not tell anyone.

The State also called Felicia Fisher, Alice's aunt and legal guardian. Felicia Fisher corroborated Alice's testimony that Dennis Fisher visited their home in De-

Jerome Godinich, Jr., Houston, for appellant.

Jessica D'Anna, Alan Curry, Asst. Dist. Atty., Houston, for appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, SANDEE BRYAN MARION, Justice.

### OPINION

Opinion by CATHERINE STONE, Justice.

A jury convicted Dennis Fisher ("Fisher") of aggravated sexual assault of a child

---

1. All children in this case have been given pseudonyms.

cember of 1997. She gave a description of the garage with burglar bars and a set of spare tires that matched the testimony given by Alice. On cross-examination, defense counsel asked Felicia Fisher the following:

Defense: Do you recall if there was even an investigation regarding Charles sexually acting out with Alice?

A: No, they didn't tell me that.

Defense: Do you recall if there was ever an investigation with Brian sexually acting out with Alice?

A: Yes, they did.

Defense: They never spoke to you about Charles acting out with Alice?

A: No.

Defense: Did Alice ever tell you that Charles had put his private part in Alice's private part?

A: No.

Defense: Do you have an opinion as to whether or not that ever happened?

A: No, I don't.

Defense: Do you believe that it could have happened?

A: It's possible.

During the State's redirect of Felicia Fisher, the following exchange took place:

State: Ms. Fisher, you were asked a minute ago whether you believe Alice about Brian. Do you believe Alice about what she said about your brother Dennis?

Defense: Your Honor, I object to speculation.

Court: Don't answer.

Defense: I also object to relevance, Your Honor.

Court: I sustain the objection.

State: Well, Ms. Fisher, let me ask it in a different way. From your other than personal knowledge, have you ever had any reason to doubt what Alice is saying.

Defense: Your Honor, object to relevance.

Court: It's overruled.

A: No. I mean, I don't think Alice is lying.

State: Pass the witness.

In his sole issue on appeal, Fisher challenges the trial court's admission of this testimony.

### STANDARD OF REVIEW

A trial court's decision to admit evidence is reviewed for an abuse of discretion. *See Montgomery v. State,* 810 S.W.2d 372, 391 (Tex.Crim.App.1990). Therefore, this court will not reverse the trial court's judgment unless its decision to admit the evidence complained of was arbitrary or unreasonable. *See Green v. State,* 934 S.W.2d 92, 102 (Tex.Crim.App.1996).

### ANALYSIS

Fisher argues that this testimony bolstered Alice's credibility, and its admission was harmful because the entire case turned upon her credibility. The State responds that the defense's opinion questions to Felicia Fisher about Alice's allegations against Charles opened the door to opinion questions about whether Alice told Felicia Fisher the truth about Dennis Fisher abusing her. For authority, Fisher relies on *Parr v. State,* which applied the doctrine of optional completeness to permit the admission of otherwise inadmissible evidence "to fully explain a matter opened up by the other party." *See Parr v. State,* 557 S.W.2d 99, 102 (Tex.Crim. App.1977).

It is generally improper for a witness to offer a direct opinion as to the truthfulness of another witness. *See Schutz v. State,* 957 S.W.2d 52, 59 (Tex.

Crim.App.1997). This type of testimony is inadmissible "because it does more than 'assist the trier of fact to understand the evidence or to determine a fact in issue;' it *decides* an issue *for* the jury." *Yount v. State*, 872 S.W.2d 706, 709 (Tex.Crim.App. 1993), citing *Duckett v. State*, 797 S.W.2d 906, 914–15 (Tex.Crim.App.1990) (emphasis in original). It logically follows that a lay witness is not permitted to offer an opinion that another witness is truthful. *Arzaga v. State*, 86 S.W.3d 767, 776 (Tex. App.-El Paso 2002, no pet.).

▆▆ One exception to this rule is found in the rule of optional completeness, which grants the opposing side a right to reply and correct a false impression left with the jury. *See Leday v. State*, 983 S.W.2d 713, 716 (Tex.Crim.App.1998). This rule guards against "the possibility of confusion, distortion or false impression that could rise from the use of a portion of an act, writing, conversation, declaration or transaction out of proper context." *Livingston v. State*, 739 S.W.2d 311, 331 (Tex.Crim.App.1987). "However, a party may not stray beyond the scope of the invitation." *Schutz*, 957 S.W.2d at 71.

▆▆ On cross-examination, defense counsel asked Felicia Fisher a series of speculative questions about whether she believed that Alice could have been assaulted by Charles. These questions invited the State to respond on redirect with other questions about Alice's allegations against Charles. However, the State instead asked Felicia Fisher's opinion about Alice's allegations against Dennis Fisher. This question exceeded the scope of the defense counsel's invitation to ask speculative or opinion questions about whether Alice was telling the truth about Charles. *See id.* The trial court, therefore, properly sustained defense counsel's objection to this question. The State then asked Felicia Fisher a general opinion question about

Alice's character for truthfulness. On appeal, Fisher argues that this evidence is irrelevant and crossed the line between assisting the trier of fact and deciding an issue for the jury. We disagree. Felicia Fisher knew Alice well enough to give a lay opinion as to her character. *See Schutz*, 957 S.W.2d at 74 (in trial for sexual assault of a child, question to complainant's mother about "whether the complainant was a truthful person was a valid attempt to impeach the complainant's character through general opinion testimony"). The State's question was proper. To the extent Fisher contends Felicia Fisher's answer to this question was improper, he waived his complaint by failing to object to the non-responsive part of her answer.

▆▆ Even if the trial court had abused its discretion in admitting this testimony, we would hold that error harmless beyond a reasonable doubt because it did not affect Fisher's substantial rights. *See King v. State*, 953 S.W.2d 266, 271 (Tex.Crim. App.1997). A jury would have expected Felicia Fisher, Alice's aunt and legal guardian who raised Alice as her own child for the six years prior to trial, to testify that Alice was truthful. "A jury would expect a mother to testify that her son was truthful, and would likely view such testimony with natural skepticism." *Schutz v. State*, 957 S.W.2d at 72, citing *Matter of G.M.P.*, 909 S.W.2d 198, 206 (Tex.App.-Houston [14th Dist.] 1995, no pet.). Therefore, even if there were error in admitting this evidence, it would have been harmless.

On appeal, Fisher argues that we cannot hold the admission of this statement harmless because it affected Alice's credibility, the paramount issue in a case with no eyewitnesses. However, Alice answered questions with more candor than many other witnesses in this case. She re-

peatedly demonstrated her understanding of the difference between a lie and the truth, and the importance of her promise to tell the truth. The truthful nature of Alice's allegation is strengthened by the testimony of Dr. Terri Chadwick, a psychologist who evaluated Alice after her outcry. After interviewing Alice and several members of her family, Chadwick diagnosed Alice as a victim of sexual and physical abuse. Additionally, she believed that Alice suffered from post traumatic stress disorder and other conditions relating to abuse from Brian and Charles.[2] Chadwick testified that Alice was having problems at school, crying frequently, misbehaving, wetting her bed, and also wetting herself at school. According to Chadwick, these complaints are all unusual for a typical seven year old, but common for a victim of child sexual abuse.

The State also called Dr. Margaret McNeese, a physician and the medical director of the Children's Assessment Center Medical Clinic where Alice was examined following her outcry. Although McNeese was not Alice's treating physician, she supervised Alice's treating pediatric nurse practitioner and sexual abuse nurse examiner. McNeese reviewed the records created by the treating nurse and testified that Alice reported that Dennis Fisher had sexually abused her. The medical records indicated that Alice's vaginal tissue had torn and become scarred, and that she had a milky white discharge with a foul odor. McNeese testified that these injuries were indicative of penetrating trauma. She acknowledged the alleged abuse by Brian and Charles, but also stated that a six to seven year old boy would not have the ability to cause such injuries with his penis.

This evidence supports Alice's credibility. If the jury believed Alice's testimony, then Felicia Fisher's testimony that Alice was telling the truth would likely have a minimal effect on the jury. We have considered the record as a whole, including the testimony and physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error, and how it might have been considered in connection with other evidence in the case. *See Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim.App.2000). We further note that even if the trial court had erred in admitting Felicia Fisher's non-responsive answer, there was no effect on Fisher's substantial rights. We therefore affirm the judgment of the trial court.

---

**2.** Chadwick also testified that the behavior of "sexually acting out" on the part of Brian and Charles was likely a symptom of their own physical and sexual abuse.