Affirmed and Memorandum Opinion filed December 2, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00986-CR

___________________

 

Thomas Viser, Appellant

 

V.

 

THE State of Texas, Appellee



 



 

On
Appeal from the 212th District Court

Galveston County,
Texas



Trial Court Cause No. 08CR0861

 



 

 

MEMORANDUM OPINION

A jury convicted Appellant, Thomas
Viser, of aggravated sexual assault.  The jury then heard evidence of two
enhancements and sentenced appellant to ninety-nine years’ confinement. 
Appellant asserts two issues in this appeal.  The first is that he received
ineffective assistance of counsel because trial counsel failed to object to
opinion testimony about the complainant’s truthfulness.  The second point of
error appellant asserts is that one of his enhancements was improperly admitted
in the punishment phase.  We affirm.

FACTUAL AND
PROCEDURAL BACKGROUND

At trial, complainant W.W. testified that she dated
appellant for a period prior to February 5, 2005.  They both worked the evening
shift at a hospital, which is how they met.  On February 5, 2005, appellant was
at W.W.’s home when he became angry with her.  She repeatedly asked him to
leave, but appellant refused and told her that he was going to have sex with
her.  W.W. testified that there was a period of struggle, but appellant
produced a knife and threatened her with it.    

W.W. testified that appellant attempted to rape her,
but was unable to get an erection.  He then penetrated her with his finger,
which W.W. claimed caused bleeding on her bed.  Appellant then ordered her to
get on the floor and perform oral sex on him.  W.W. claimed he put the knife to
her neck during this period.  After this failed to bring appellant to climax,
W.W. testified that appellant required her to “masturbate him.”  Appellant then
climaxed and became angry when the ejaculate touched his skin.  W.W. wiped off
the fluid with a towel.    

Eventually, both W.W. and appellant left her house to
go to work.  They drove separate cars, but appellant drove behind W.W. and
warned her not to drive “too fast.”    W.W. worked the majority of her shift at
the hospital and then went to her daughter’s home at approximately 11:30 p.m. 
When W.W. arrived, she told her daughter, M.J., about the assault.  

Both women then went to the Dickinson police
department to file a report.  Later that night, W.W. had a sexual-assault
examination performed.  Police officers also examined her home.  

During M.J.’s direct testimony, the prosecutor asked
her if she considered her mother to be a truthful person.  M.J. stated that she
did.  Appellant’s trial counsel made no objection to that testimony.  Appellant
produced no evidence on his own behalf.  

After deliberations, the jury found appellant guilty
of aggravated sexual assault.  In the punishment phase, the prosecution
submitted two enhancements.  The first was a conviction in the state of
Mississippi for manslaughter.  The second was a Texas conviction for
involuntary manslaughter.  Appellant pled “not true” to both enhancements.  

The State introduced the Mississippi conviction
through a “pen packet” from the state of Mississippi.  Enclosed was a certification
of records signed by Gloria Gibbs, a record of appellant’s location while in
the state of Mississippi’s custody, a sentence computation record, photographs
of appellant, fingerprints and physical description of appellant, notice of
appellant’s parole revocation, a record detailing the visitors appellant gave
permission to see while imprisoned, appellant’s discharge papers and parole
conditions, and a record of his admission interview.  Sergeant Bell of the
Galveston County sheriff’s department testified that he had compared the
fingerprints taken of appellant that day to the Mississippi records and they
matched.  (5 RR 18-20)

Appellant objected to the introduction of the
Mississippi “pen packet,” arguing the certification paragraph did not have a
seal and the signature of Gloria Gibbs did not certify that they were true and
correct records.  The trial court overruled the objections.  

Upon deliberation, the jury found the enhancement
paragraphs true and sentenced appellant to ninety-nine years of incarceration. 


DISCUSSION

In appellant’s first point of error, he argues he
received ineffective assistance of counsel because trial counsel failed to
object to opinion testimony about the complainant’s truthfulness.

I.                  
 Standard of Review

In reviewing claims of ineffective assistance of
counsel, we apply a two-prong test.  See Salinas v. State, 163 S.W.3d
734, 740 (Tex. Crim. App. 2005) (citing Strickland v. Washington, 466
U.S. 668, 687 (1984)).  To establish ineffective assistance of counsel,
appellant must prove by a preponderance of the evidence that (1) his trial
counsel’s representation was deficient to the point it fell below standards of
prevailing professional norms, and (2) there is a reasonable probability that,
but for counsel’s deficiency, the result of the trial would be different.  Id. 
A reasonable probability is a probability sufficient to undermine confidence in
the outcome.  Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

An accused is entitled to reasonably effective
assistance of counsel.  King v. State, 649 S.W.2d 42, 44 (Tex. Crim.
App. 1983).  When evaluating a claim of ineffective assistance, the appellate
court looks to the totality of the representation and the particular
circumstances of each case.  Thompson v. State, 9 S.W.3d 808, 813 (Tex.
Crim. App. 1999).  There is a strong presumption that counsel’s actions and
decisions were reasonably professional and motivated by sound trial strategy.  See
Salinas, 163 S.W.3d at 740; Stults v. State, 23 S.W.3d 198, 208
(Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  To overcome the presumption
of reasonably professional assistance, any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness.  Thompson, 9 S.W.3d at 813.  When
determining the validity of an ineffective assistance of counsel claim, any
judicial review must be highly deferential to trial counsel and avoid the
deleterious effects of hindsight.  Ingraham v. State, 679 S.W.2d 503,
509 (Tex. Crim. App. 1984).  When the record is silent as to the reasons for
counsel’s conduct, as in this case, a finding that counsel was ineffective
would require impermissible speculation by the appellate court.  Stults, 23
S.W.3d at 208.  Absent specific explanations for counsel’s decisions, a record
on direct appeal will rarely contain sufficient information to evaluate an
ineffective assistance claim.  See Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).

A.     Did Trial
Counsel’s Inaction Rise to the Level of Ineffective Assistance of Counsel?

Appellant complains of the following passage from the
record, elicited from the prosecutor on direct examination of W.W.’s adult
daughter, M.J.  

Q:  [M.J.], do you have any reason to believe your mom
would make this up?

A:  No.  None whatsoever.

Q:  Is she a truthful person or not a truthful person?

A:  Very, very truthful.

Q:  What do you mean by that?

A:  She’s the type of person who would tell you things and
be like too truthful and maybe she shouldn’t have said what she just said.

Q:  So she doesn’t lie to save your feelings?

A:  Yes.  

Defense counsel never objected to this line of
questioning.  Nor did he choose to challenge these assertions during his
cross-examination of M.J.  

A witness’ direct opinion about the truthfulness of
another witness is inadmissible evidence.  See Schutz v. State, 957
S.W.2d 52, 59 (Tex. Crim. App. 1997) (expert testimony about a child’s lack of
fantasizing was an indication of truthfulness about her assault); Fisher v.
State, 121 S.W.3d 38 (Tex. App.—San Antonio 2003, pet. ref’d).  Testimony
of this sort is inadmissible “because it does more than ‘assist the trier of
fact to understand the evidence or to determine a fact in issue;’ it decides
an issue for the jury.”  Yount v. State, 872 S.W.2d 706, 709
(Tex. Crim. App. 1993) (citing Duckett v. State, 797 S.W.2d 906, 914-919
(Tex. Crim. App. 1990) (emphasis in original)).  

The record, however, contains no explanation of why
defense trial counsel did not object at trial.  Nor is there any request for a
new trial.  Thus, any conclusion that counsel was ineffective would be strictly
conjecture on the part of this court.  See Ingraham, 679 S.W.2d
at 509.  As a result, we are bound to presume defense counsel had a strategic
reason not to object to the testimony.  See Thompson, 9 S.W.3d at 814. 
Appellant has failed to overcome the strong presumption that his trial counsel
was effective.  See Salinas, 163 S.W.3d at 740; Stults, 23 S.W.3d
at 208.  Appellant’s first point of error is overruled.

II.              
 Was the Enhancement Improperly Admitted in the Punishment Phase?

Appellant argues in his second point of error that
the trial court inappropriately admitted a “penitentiary packet,” also known as
a “pen packet,” from Mississippi in the punishment phase of the trial.

A.     Standard
of Review

To preserve error, a party must (1) make a timely
objection (2) state the basis for the objection and (3) obtain a ruling from
the trial court.  See Tex. R. App. P. 33.1; Valle v. State, 109
S.W.3d 500, 509 (Tex. Crim. App. 2003).  Furthermore, the contention on appeal
must conform to the objection made at trial.  Resendiz v. State, 112
S.W.3d 541, 547 (Tex. Crim. App. 2003); Prince v. State, 192 S.W.3d 49,
58 (Tex. App.—Houston [14th Dist.] 2006, pet. ref’d).  The purpose of requiring
a trial court objection is “to give the trial court or the opposing party the
opportunity to correct the error or remove the basis for the objection.”  Martinez
v. State, 22 S.W.3d 504, 507 (Tex. Crim. App. 2000).

B.      Did
Appellant Preserve Error?

Appellant made two objections to a “pen packet”
received from the state of Mississippi.  First, he claimed there was no seal of
Mississippi affixed to the certification paragraph.  Secondly, he argued there
were no signatures certifying the “pen packet” was the true and correct records
of Mississippi.  The trial court heard the objection and overruled it.  On
appeal, appellant argues that the “pen packet” from Mississippi was invalid
because it did not contain a judgment or a sentence from the Mississippi
court.  

The objections at trial and the issues raised on
appeal are different.  As a result, appellant has not preserved any error.  See
Resendiz v. State, 112 S.W.3d at 547; Martinez v. State, 22 S.W.3d
at 507; Prince v. State, 192 S.W.3d at 58.  Consequently, the appellate
complaint is waived.  See Tex. R. App. P. 33.1.  Appellant’s second point
of error is overruled.

CONCLUSION

Having overruled
each of appellant’s points of error, we affirm the trial court’s judgment.

 

 

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Frost, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).