Opinion
filed February 29, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00048-CR

                                                    __________

 

                               BRADLEY
FITZGERALD, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 70th District Court

 

                                                             Ector
County, Texas

 

                                                   Trial
Court Cause No. A-36,415

 



 

M E M O R A N D
U M   O P I N I O N

 

            The
jury convicted Appellant, Bradley Fitzgerald, of the offense of sexual assault of
a child.[1]
 The jury assessed punishment, enhanced by two prior felony convictions, at confinement
for seventy-five years.  On appeal, Appellant complains that the trial court
erred when it allowed the mother of the victim to testify as to the victim’s
truthfulness.  Appellant also contends that it was error to admit a judgment nunc
pro tunc in the punishment phase over his objection.  We affirm.

Background

            B.G.,
the juvenile victim in this case, lived with her mother in Odessa.  B.G.’s brother,
J.G.; her mother’s best friend, Paul Posey; and Posey’s girlfriend, Kathy Smith,
also lived with them.  Appellant was B.G.’s mother’s ex-boyfriend; he had lived
at the residence in the past but was not living there at the time of the
assault.  B.G.’s father also lived in Odessa.  He and B.G.’s mother had long
been separated but, due to financial reasons, were still legally married.  On
May 9, 2009, B.G. was asleep in her bedroom when she was awakened by Appellant
when he hit his head against the sign above her bedroom door.  Appellant pulled
B.G.’s sweatpants and underwear down and stuck his finger in her vagina.  B.G.
told Appellant that she needed to go to the bathroom.  When he moved to let her
get up, she went to Smith and told her what had happened.  Posey was also present
in the home on the night of the assault.  He saw Appellant enter the home and
go to B.G.’s bedroom.  When he saw Appellant kneeling on the floor beside B.G.’s
bed, he went to wake Smith.  Smith testified that Posey was very upset when he
asked her to get Appellant out of B.G.’s bedroom.  When she got up,  she
intended to call the police.  When she turned on the light in the kitchen, which
was near B.G.’s bedroom, she saw Appellant quickly leave the home.  As B.G.
came down the hallway, she was crying and told Smith what Appellant had done.  Smith
and Posey both testified that B.G. was crying and upset.  Smith called B.G.’s
father, and he came to the home.  B.G.’s mother had gone to work around 2:00 a.m.
and was not at home at the time of the assault.  After B.G.’s father called the
police, B.G. was taken to Midland Memorial Hospital for a SANE (Sexual Assault
Nurse Examiner) exam.  B.G.’s mother testified that, during one of her visits
with Appellant at the jail, he asked her to apologize to B.G. for him; he later
retracted the apology because “it would be a remission [sic] of guilt.”

            B.G.’s
mother also testified that, sometime during the months prior to the assault, B.G.
showed her text messages that Appellant sent from his phone.  In the text
messages, Appellant stated that he wanted to watch X-rated movies with B.G. and
that he wanted to put his finger in her vagina.  When confronted about the
messages, Appellant said that he intended them as a  joke.

Admission
of Character Evidence of a Witness

            In
his first issue, Appellant contends that it was error for the trial court to
allow B.G.’s mother to testify that she believed her daughter and that her
daughter would not lie.  We review a trial court’s decision to admit or exclude
evidence under an abuse of discretion standard. Oprean v. State,
201 S.W.3d 724, 726 (Tex. Crim. App. 2006).  We reverse only when the trial
court’s decision was so clearly wrong as to fall outside the zone of reasonable
disagreement.  See id. (citing Montgomery v. State, 810 S.W.2d
372, 391 (Tex. Crim. App. 1991)).  We uphold the trial court’s ruling if it is
reasonably supported by the record and correct under any theory of law
applicable to the case.  See Willover v. State, 70 S.W.3d 841, 845 (Tex.
Crim. App. 2002).

            The
exchange about which Appellant complains took place during the testimony of B.G.’s
 mother:

            Q:  Do
you believe your daughter?

            

            A:  Yes.

 

            [DEFENSE
COUNSEL]:  Objection, Your Honor. We have never brought into [sic] the
character of the alleged victim in this case, and this is, and this is improper
to be asking for character testimony.

 

            . . . .

 

            [PROSECUTOR]:
 Your Honor, my response is he very specifically went after the character of
the witness during cross-examination on several points, at several times. I
think that was kind of his, has been his entire strategy this entire time.

 

            . . . .

 

            THE
COURT:  I will overrule the objection. You may answer the question, ma’am.

 

            A:  What
was the question again?

 

            Q:  Do
you believe your daughter?

 

            A:  Yes.

 

            Q:  So,
you believe that [Appellant] put his finger inside of her?

 

            A:  That
is what she told me.  She is not going to lie.

 

            The
objection made at trial was based upon the argument that the door had not been
opened to any character evidence regarding the victim.  This argument invokes Tex. R. Evid. 608(a)(2).  This is
the argument to which the State responded and the one upon which the trial
court ruled.  However, on appeal, Appellant argues that the line of questioning
was improper because it is “generally improper for a witness to offer a direct
opinion as to the truthfulness of another witness.”  Blackwell v. State,
193 S.W.3d 1, 21 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  This is so
because this type of testimony “does more than ‘assist the trier of fact to
understand the evidence or to determine a fact in issue’; it decides an
issue for the jury.” Yount v. State, 872 S.W.2d 706, 709
(Tex. Crim. App. 1993).  Appellant did not make this the basis for the objection
during the trial.

            Appellant’s
objections at trial do not comport with the issue raised on appeal. An
objection stating one legal theory may not be used to support a different legal
theory on appeal. Camacho v. State, 864 S.W.2d 524, 533 (Tex. Crim. App.
1993). As a prerequisite to presenting a complaint for appellate review, the
record must show that the complaining party “stated the grounds for the ruling
that [he] sought from the trial court with sufficient specificity to make the
trial court aware of the complaint.”  Tex.
R. App. P. 33.1(a)(1)(A).  At trial, Appellant merely objected to the
admission of “character testimony.”  “[T]he party complaining on appeal . . . about
a trial court’s admission, exclusion, or suppression of evidence must, at the
earliest opportunity, have done everything necessary to bring to the judge’s
attention the evidence rule or statute in question and its precise and proper
application to the evidence in question.”  Reyna v. State, 168 S.W.3d
173, 177 (Tex. Crim. App. 2005) (citing Martinez v. State, 91 S.W.3d
331, 335–36 (Tex. Crim. App. 2002)).  Appellant did not do that here, and the
issue is not preserved for appeal.

            Moreover,
even if Appellant had preserved the objection, the trial court would not have
erred when it overruled it.  The trial court’s decision to admit the evidence
was supported by the record: the defense had attacked B.G.’s character for
truthfulness.  During the cross-examination of B.G. and B.G.’s father, the
defense attempted to establish a motive for B.G. to lie about the incident:  to
get her parents back together and to convince her father to move their family
back to Missouri because she disliked living in Odessa.  The defense elicited a
favorable response to this line of questioning when B.G.’s father agreed that,
after the incident, he had changed the date for the move back to Missouri.  The
trial court’s decision, if it relied on Rule 608(a)(2) as a basis for its
ruling, was not so clearly wrong as to fall outside the zone of reasonable
disagreement.  The trial court did not abuse its discretion when it overruled
the objection and admitted the testimony.

            Even
if the trial court had erred, there was no reversible error.  Error in the
admission of evidence is nonconstitutional error and is, therefore, subject to
a harm analysis under Rule 44.2(b) of the Texas Rules of Appellate
Procedure.  Tex. R. App. P.
44.2(b); Delapaz v. State, 297 S.W.3d 824, 826 (Tex. App.—Eastland 2009,
no pet.) (citing Potier v. State, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002)).
 An appellant must show that the error affected his substantial rights.  Rule
44.2(b).  Substantial rights are not affected by the erroneous admission of
evidence “if the appellate court, after examining the record as a whole, has
fair assurance that the error did not influence the jury, or had but a slight
effect.”  Motilla v. State, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).  In
assessing the likelihood the jury’s decision was adversely affected by the
error, we consider everything in the record, including any testimony or
physical evidence, the nature of the evidence supporting the verdict, the
character of the alleged error, and how it might be considered in connection
with other evidence in the case.  Haley v. State, 173 S.W.3d 510, 518
(Tex. Crim. App. 2005).  Additionally, the presence of overwhelming evidence of
guilt plays a determinative role in this analysis.  Neal v. State, 256
S.W.3d 264, 285 (Tex. Crim. App. 2008).

            Furthermore,
in general, the admission of a mother’s testimony regarding her child’s
character for truthfulness is harmless. See, e.g., Fisher v. State, 121
S.W.3d 38, 41-42 (Tex. App.—San Antonio 2003, pet. ref’d) (holding any error in
allowing an aunt and legal guardian to testify to complainant’s character for
truthfulness was harmless and stating that “[a] jury would have expected . . .
Alice’s aunt and legal guardian who raised Alice as her own child for the six
years prior to trial, to testify that Alice was truthful”); In re G.M.P.,
909 S.W.2d 198, 206 (Tex. App.—Houston [14th Dist.] 1995, no pet.) (“A jury
would expect a mother to testify that her son was truthful, and would likely
view such testimony with natural skepticism.”).  That proposition is no less true
in this case.

            Appellant
argues that the testimony was especially harmful because it went to the
ultimate issue of the case—whether or not B.G. was assaulted by Appellant.  We
disagree. Opinion testimony as to the ultimate issue of a case is expressly
permitted under the Texas Rules of Evidence.  Tex.
R. Evid. 704 (“Testimony in the form of an opinion or inference
otherwise admissible is not objectionable because it embraces an ultimate issue
to be decided by the trier of fact.”); Fairow v. State, 943 S.W.2d 895,
897 n.5 (Tex. Crim. App. 1997).  Appellant contends that the testimony was
especially harmful because the case turned exclusively on whether or not
the jury believed B.G.  But, the jury was not relying solely on the credibility
of B.G.’s statement. There was other overwhelming evidence to support the conviction.
 See Motilla, 78 S.W.3d 356–57 (reiterating that “overwhelming evidence”
of guilt is one consideration in deciding whether improper admission of
evidence was harmful in a particular case).  Such other evidence included the
testimony of two witnesses who were at the home during the incident.  They saw Appellant
in B.G.’s bedroom, saw Appellant fleeing from the home, and saw B.G.’s
immediate reaction in the aftermath of the incident.  Additionally, there was
testimony from both B.G. and her mother that Appellant sent inappropriate text
messages to B.G. prior to the incident.  The text messages described the very
same act that Appellant was convicted of actually committing on May 9, 2009.  Appellant
apologized to B.G. through her mother.  B.G.’s mother testified that she told
Detective Shelly Stanford that “he must have been waiting outside my house for
me to leave” on the morning of the incident.  When viewing the entire record,
we are assured that the testimony about which Appellant complains had but a
slight effect on the jury, if any at all.  Appellant’s first issue is
overruled.

Judgment
Nunc Pro Tunc

            In
his second issue, appellant argues that it was error for the trial court to
admit into evidence a judgment nunc pro tunc during the punishment phase of the
trial because Appellant was deprived of sufficient notice of the proper
enhancement allegations.  As in Issue One, we review the trial court’s decision
to admit or exclude evidence under an abuse of discretion standard.  Oprean,
201 S.W.3d at 726.  The trial court does not abuse its discretion unless its
determination lies outside the zone of reasonable disagreement.  Id.

            Sometime
prior to trial, the State notified Appellant of the existence of two prior
offenses of “Felony DWI.”  During punishment, the State offered the pen packets. 
However, one of the judgments inadvertently listed one of the felony DWI
convictions as being a conviction for a “state jail felony.”  At the outset of
the punishment phase of the trial, the State informed Appellant’s attorney and
the trial court that it intended to offer a judgment nunc pro tunc from the
convicting court that would show that the conviction was for a felony.  The trial
court admitted the judgment nunc pro tunc over Appellant’s objection.  The
accused is entitled only to a sufficient description of the judgment of former conviction
that will enable him to find the record and prepare for a trial on the question
of whether he is the person named in the judgment. Villescas v. State,
189 S.W.3d 290, 293 (Tex. Crim. App. 2006) (citing Hollins v. State, 571
S.W.2d 873, 875 (Tex. Crim. App. 1978)).  The State must plead in some form any
enhancement allegations that it intends to prove during the punishment phase of
trial. Hackett v. State, 160 S.W.3d 588, 590 (Tex. App.—Waco 2005, pet.
ref’d) (citing Brooks v. State, 957 S.W.2d 30, 33–34 (Tex. Crim. App.
1997)).  For due process purposes, the determination of whether proper notice
was given does not require that the notice be given within a particular number
of days before trial or even before the guilt phase of trial begins.  Villescas,
189 S.W.3d at 294.  The ultimate question is whether constitutionally adequate
notice was given.  Id.  When the accused has no defense to the
enhancement allegation and has not suggested the need for a continuance in
order to prepare one, notice given at the beginning of the punishment phase
satisfies due process. Id.

            Prior
to trial, the State gave Appellant a description of the prior conviction that would
allow him to find the record and prepare for a trial on the question of whether
he is the person named in the judgment.  The notice contained in the indictment,
the Tex. R. Evid. 404(b) notices,
and the notice of the State’s intent to enhance all contained the cause number,
the date of the conviction, the nature of the offense, and the location of the
offense.  Defense counsel was on notice that the State would attempt to prove
that the offense was in fact a third-degree felony. The indictment referred to
the offense as a third-degree felony.  The Rule 404(b) notice sent on January
4, 2010, contained notice of two additional DWI convictions prior to the one
for which community supervision was revoked in Cause No. 4089 on September 17,
2001.  The presence of these two prior DWIs would indicate that Cause No. 4089
was a third-degree felony mislabeled as a state jail felony and would give
defense counsel an indication of what the State would attempt to prove at the
punishment phase of the trial.  See Tex.
Penal Code Ann. § 49.09(b)(2) (West Supp. 2011) (“An offense under
Section 49.04 . . . is a felony of the third degree if it is shown on the trial
of the offense that the person has previously been convicted . . . two times of any other offense relating to the operating of
a motor vehicle while intoxicated.”).

            Even
if notice had not been given at pretrial, the notice provided at the outset of
the punishment phase of trial would be sufficient.  Appellant concedes that the
judgment nunc pro tunc merely corrected an erroneous pen packet, but argues
that he was harmed because its admission increased his punishment range
drastically.  This is so, he reasons, because he reasonably could have based
his trial strategy upon the premise that the conviction in Cause No. 4089
could not—in its form—serve as the basis for an enhancement.  However, he did not
argue that the description of the judgment prevented him from preparing for a
trial on the question of whether he is the person named in the judgment.  This
was the only degree of specificity that was required.  Villescas, 189
S.W.3d at 293 (citing Hollins, 571 S.W.2d at 875). Though Appellant’s
counsel objected to the admission of the judgment nunc pro tunc, he did not
assert a defense to the enhancement allegation or suggest the need for a
continuance in order to prepare one.  Thus, notice of the judgment nunc pro
tunc provided at the outset of the punishment phase of trial was sufficient.  Id.
at 294.  The trial court did not abuse its discretion in admitting the
evidence.  Appellant’s second issue is overruled.

            We
affirm the judgment of the trial court.

 

                                                                                    

                                                                                    ERIC
KALENAK

                                                                                    JUSTICE

 

February 29,
2012

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









[1]Tex. Penal Code Ann. § 22.011 (West
2011).