**Opinion filed February 29, 2012**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00048-CR

_____

## BRADLEY FITZGERALD, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-36,415**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Bradley Fitzgerald, of the offense of sexual assault of a child.[1]  The jury assessed punishment, enhanced by two prior felony convictions, at confinement for seventy-five years.  On appeal, Appellant complains that the trial court erred when it allowed the mother of the victim to testify as to the victim's truthfulness.  Appellant also contends that it was error to admit a judgment nunc pro tunc in the punishment phase over his objection.  We affirm.

---

[1]TEX. PENAL CODE ANN. § 22.011 (West 2011).

*Background*

B.G., the juvenile victim in this case, lived with her mother in Odessa. B.G.'s brother, J.G.; her mother's best friend, Paul Posey; and Posey's girlfriend, Kathy Smith, also lived with them. Appellant was B.G.'s mother's ex-boyfriend; he had lived at the residence in the past but was not living there at the time of the assault. B.G.'s father also lived in Odessa. He and B.G.'s mother had long been separated but, due to financial reasons, were still legally married. On May 9, 2009, B.G. was asleep in her bedroom when she was awakened by Appellant when he hit his head against the sign above her bedroom door. Appellant pulled B.G.'s sweatpants and underwear down and stuck his finger in her vagina. B.G. told Appellant that she needed to go to the bathroom. When he moved to let her get up, she went to Smith and told her what had happened. Posey was also present in the home on the night of the assault. He saw Appellant enter the home and go to B.G.'s bedroom. When he saw Appellant kneeling on the floor beside B.G.'s bed, he went to wake Smith. Smith testified that Posey was very upset when he asked her to get Appellant out of B.G.'s bedroom. When she got up, she intended to call the police. When she turned on the light in the kitchen, which was near B.G.'s bedroom, she saw Appellant quickly leave the home. As B.G. came down the hallway, she was crying and told Smith what Appellant had done. Smith and Posey both testified that B.G. was crying and upset. Smith called B.G.'s father, and he came to the home. B.G.'s mother had gone to work around 2:00 a.m. and was not at home at the time of the assault. After B.G.'s father called the police, B.G. was taken to Midland Memorial Hospital for a SANE (Sexual Assault Nurse Examiner) exam. B.G.'s mother testified that, during one of her visits with Appellant at the jail, he asked her to apologize to B.G. for him; he later retracted the apology because "it would be a remission [sic] of guilt."

B.G.'s mother also testified that, sometime during the months prior to the assault, B.G. showed her text messages that Appellant sent from his phone. In the text messages, Appellant stated that he wanted to watch X-rated movies with B.G. and that he wanted to put his finger in her vagina. When confronted about the messages, Appellant said that he intended them as a joke.

*Admission of Character Evidence of a Witness*

In his first issue, Appellant contends that it was error for the trial court to allow B.G.'s mother to testify that she believed her daughter and that her daughter would not lie. We review a

2

trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Oprean v. State*, 201 S.W.3d 724, 726 (Tex. Crim. App. 2006). We reverse only when the trial court's decision was so clearly wrong as to fall outside the zone of reasonable disagreement. *See id.* (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)). We uphold the trial court's ruling if it is reasonably supported by the record and correct under any theory of law applicable to the case. *See Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002).

The exchange about which Appellant complains took place during the testimony of B.G.'s mother:

> Q: Do you believe your daughter?
>
> A: Yes.
>
> [DEFENSE COUNSEL]: Objection, Your Honor. We have never brought into [sic] the character of the alleged victim in this case, and this is, and this is improper to be asking for character testimony.
>
> . . . .
>
> [PROSECUTOR]: Your Honor, my response is he very specifically went after the character of the witness during cross-examination on several points, at several times. I think that was kind of his, has been his entire strategy this entire time.
>
> . . . .
>
> THE COURT: I will overrule the objection. You may answer the question, ma'am.
>
> A: What was the question again?
>
> Q: Do you believe your daughter?
>
> A: Yes.
>
> Q: So, you believe that [Appellant] put his finger inside of her?
>
> A: That is what she told me. She is not going to lie.

The objection made at trial was based upon the argument that the door had not been opened to any character evidence regarding the victim. This argument invokes TEX. R. EVID. 608(a)(2). This is the argument to which the State responded and the one upon which the

trial court ruled. However, on appeal, Appellant argues that the line of questioning was improper because it is "generally improper for a witness to offer a direct opinion as to the truthfulness of another witness." *Blackwell v. State*, 193 S.W.3d 1, 21 (Tex. App.—Houston [1st Dist.] 2006, no pet.). This is so because this type of testimony "does more than 'assist the trier of fact to understand the evidence or to determine a fact in issue'; it *decides* an issue *for* the jury." *Yount v. State*, 872 S.W.2d 706, 709 (Tex. Crim. App. 1993). Appellant did not make this the basis for the objection during the trial.

Appellant's objections at trial do not comport with the issue raised on appeal. An objection stating one legal theory may not be used to support a different legal theory on appeal. *Camacho v. State*, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993). As a prerequisite to presenting a complaint for appellate review, the record must show that the complaining party "stated the grounds for the ruling that [he] sought from the trial court with sufficient specificity to make the trial court aware of the complaint." TEX. R. APP. P. 33.1(a)(1)(A). At trial, Appellant merely objected to the admission of "character testimony." "[T]he party complaining on appeal . . . about a trial court's admission, exclusion, or suppression of evidence must, at the earliest opportunity, have done everything necessary to bring to the judge's attention the evidence rule or statute in question and its precise and proper application to the evidence in question." *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005) (citing *Martinez v. State*, 91 S.W.3d 331, 335–36 (Tex. Crim. App. 2002)). Appellant did not do that here, and the issue is not preserved for appeal.

Moreover, even if Appellant had preserved the objection, the trial court would not have erred when it overruled it. The trial court's decision to admit the evidence was supported by the record: the defense had attacked B.G.'s character for truthfulness. During the cross-examination of B.G. and B.G.'s father, the defense attempted to establish a motive for B.G. to lie about the incident: to get her parents back together and to convince her father to move their family back to Missouri because she disliked living in Odessa. The defense elicited a favorable response to this line of questioning when B.G.'s father agreed that, after the incident, he had changed the date for the move back to Missouri. The trial court's decision, if it relied on Rule 608(a)(2) as a basis for its ruling, was not so clearly wrong as to fall outside the zone of reasonable disagreement. The trial court did not abuse its discretion when it overruled the objection and admitted the testimony.

4

Even if the trial court had erred, there was no reversible error. Error in the admission of evidence is nonconstitutional error and is, therefore, subject to a harm analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 44.2(b); *Delapaz v. State*, 297 S.W.3d 824, 826 (Tex. App.—Eastland 2009, no pet.) (citing *Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002)). An appellant must show that the error affected his substantial rights. Rule 44.2(b). Substantial rights are not affected by the erroneous admission of evidence "if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect." *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). In assessing the likelihood the jury's decision was adversely affected by the error, we consider everything in the record, including any testimony or physical evidence, the nature of the evidence supporting the verdict, the character of the alleged error, and how it might be considered in connection with other evidence in the case. *Haley v. State*, 173 S.W.3d 510, 518 (Tex. Crim. App. 2005). Additionally, the presence of overwhelming evidence of guilt plays a determinative role in this analysis. *Neal v. State*, 256 S.W.3d 264, 285 (Tex. Crim. App. 2008).

Furthermore, in general, the admission of a mother's testimony regarding her child's character for truthfulness is harmless. *See, e.g., Fisher v. State*, 121 S.W.3d 38, 41-42 (Tex. App.—San Antonio 2003, pet. ref'd) (holding any error in allowing an aunt and legal guardian to testify to complainant's character for truthfulness was harmless and stating that "[a] jury would have expected . . . Alice's aunt and legal guardian who raised Alice as her own child for the six years prior to trial, to testify that Alice was truthful"); *In re G.M.P.*, 909 S.W.2d 198, 206 (Tex. App.—Houston [14th Dist.] 1995, no pet.) ("A jury would expect a mother to testify that her son was truthful, and would likely view such testimony with natural skepticism."). That proposition is no less true in this case.

Appellant argues that the testimony was especially harmful because it went to the ultimate issue of the case—whether or not B.G. was assaulted by Appellant. We disagree. Opinion testimony as to the ultimate issue of a case is expressly permitted under the Texas Rules of Evidence. TEX. R. EVID. 704 ("Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."); *Fairow v. State*, 943 S.W.2d 895, 897 n.5 (Tex. Crim. App. 1997). Appellant contends that the testimony was especially harmful because the case turned *exclusively* on whether or not

the jury believed B.G. But, the jury was not relying solely on the credibility of B.G.'s statement. There was other overwhelming evidence to support the conviction. *See Motilla*, 78 S.W.3d 356–57 (reiterating that "overwhelming evidence" of guilt is one consideration in deciding whether improper admission of evidence was harmful in a particular case). Such other evidence included the testimony of two witnesses who were at the home during the incident. They saw Appellant in B.G.'s bedroom, saw Appellant fleeing from the home, and saw B.G.'s immediate reaction in the aftermath of the incident. Additionally, there was testimony from both B.G. and her mother that Appellant sent inappropriate text messages to B.G. prior to the incident. The text messages described the very same act that Appellant was convicted of actually committing on May 9, 2009. Appellant apologized to B.G. through her mother. B.G.'s mother testified that she told Detective Shelly Stanford that "he must have been waiting outside my house for me to leave" on the morning of the incident. When viewing the entire record, we are assured that the testimony about which Appellant complains had but a slight effect on the jury, if any at all. Appellant's first issue is overruled.

*Judgment Nunc Pro Tunc*

In his second issue, appellant argues that it was error for the trial court to admit into evidence a judgment nunc pro tunc during the punishment phase of the trial because Appellant was deprived of sufficient notice of the proper enhancement allegations. As in Issue One, we review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Oprean*, 201 S.W.3d at 726. The trial court does not abuse its discretion unless its determination lies outside the zone of reasonable disagreement. *Id*.

Sometime prior to trial, the State notified Appellant of the existence of two prior offenses of "Felony DWI." During punishment, the State offered the pen packets. However, one of the judgments inadvertently listed one of the felony DWI convictions as being a conviction for a "state jail felony." At the outset of the punishment phase of the trial, the State informed Appellant's attorney and the trial court that it intended to offer a judgment nunc pro tunc from the convicting court that would show that the conviction was for a felony. The trial court admitted the judgment nunc pro tunc over Appellant's objection. The accused is entitled only to a sufficient description of the judgment of former conviction that will enable him to find the record and prepare for a trial on the question of whether he is the person named in the judgment. *Villescas v. State*, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006) (citing *Hollins v. State*, 571

6

S.W.2d 873, 875 (Tex. Crim. App. 1978)). The State must plead in some form any enhancement allegations that it intends to prove during the punishment phase of trial. *Hackett v. State*, 160 S.W.3d 588, 590 (Tex. App.—Waco 2005, pet. ref'd) (citing *Brooks v. State*, 957 S.W.2d 30, 33–34 (Tex. Crim. App. 1997)). For due process purposes, the determination of whether proper notice was given does not require that the notice be given within a particular number of days before trial or even before the guilt phase of trial begins. *Villescas*, 189 S.W.3d at 294. The ultimate question is whether constitutionally adequate notice was given. *Id*. When the accused has no defense to the enhancement allegation and has not suggested the need for a continuance in order to prepare one, notice given at the beginning of the punishment phase satisfies due process. *Id*.

Prior to trial, the State gave Appellant a description of the prior conviction that would allow him to find the record and prepare for a trial on the question of whether he is the person named in the judgment. The notice contained in the indictment, the TEX. R. EVID. 404(b) notices, and the notice of the State's intent to enhance all contained the cause number, the date of the conviction, the nature of the offense, and the location of the offense. Defense counsel was on notice that the State would attempt to prove that the offense was in fact a third-degree felony. The indictment referred to the offense as a third-degree felony. The Rule 404(b) notice sent on January 4, 2010, contained notice of two additional DWI convictions prior to the one for which community supervision was revoked in Cause No. 4089 on September 17, 2001. The presence of these two prior DWIs would indicate that Cause No. 4089 was a third-degree felony mislabeled as a state jail felony and would give defense counsel an indication of what the State would attempt to prove at the punishment phase of the trial. *See* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2011) ("An offense under Section 49.04 . . . is a felony of the third degree if it is shown on the trial of the offense that the person has previously been convicted . . . two times of any other offense relating to the operating of a motor vehicle while intoxicated.").

Even if notice had not been given at pretrial, the notice provided at the outset of the punishment phase of trial would be sufficient. Appellant concedes that the judgment nunc pro tunc merely corrected an erroneous pen packet, but argues that he was harmed because its admission increased his punishment range drastically. This is so, he reasons, because he reasonably could have based his trial strategy upon the premise that the conviction in Cause No. 4089 could not—in its form—serve as the basis for an enhancement. However, he did not

7

argue that the description of the judgment prevented him from preparing for a trial on the question of whether he is the person named in the judgment. This was the only degree of specificity that was required. *Villescas*, 189 S.W.3d at 293 (citing *Hollins*, 571 S.W.2d at 875). Though Appellant's counsel objected to the admission of the judgment nunc pro tunc, he did not assert a defense to the enhancement allegation or suggest the need for a continuance in order to prepare one. Thus, notice of the judgment nunc pro tunc provided at the outset of the punishment phase of trial was sufficient. *Id.* at 294. The trial court did not abuse its discretion in admitting the evidence. Appellant's second issue is overruled.

We affirm the judgment of the trial court.


ERIC KALENAK

JUSTICE


February 29, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

8