**AFFIRM; and Opinion Filed August 8, 2019.**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00951-CR
### No. 05-18-00953-CR

### CHARLES JACOB MARSHALL, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 59th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause Nos. 068850 and 069416**

# MEMORANDUM OPINION

Before Chief Justice Burns, Justice Whitehill, and Justice Partida-Kipness
Opinion by Chief Justice Burns

A jury found appellant Charles Jacob Marshall guilty of sexual assault of a child and indecency with a child and assessed his punishment at eight years for each offense. In this Court, he complains that the trial court erroneously (i) admitted evidence of an extraneous offense, and (ii) permitted an investigator to testify concerning the truthfulness of the complaining witness. We affirm the trial court's judgment.

## I. BACKGROUND

Appellant graduated from high school on June 5, 2016. His uncle's graduation gift was a fishing trip to take place the next day, so appellant stayed overnight at the home of his uncle's family. Appellant's cousin, D.M., who was fifteen at the time, was the first in the family to go to bed. About an hour later, she awakened. Appellant was in her bed "messing with her." She told

him to stop, but he continued to touch her around her thigh and ejaculated on her hand; she wiped her hand across her shirt. She went back to sleep then, but was awakened again by a sharp pain caused by appellant digitally penetrating her vagina. He covered her mouth, telling her to "be quiet, don't tell." Then he "put his weight on [her]," and attempted to penetrate her anus with his penis. D.M. pushed appellant off of her and ran to the bathroom; eventually appellant left her room. When she came out of her room the next morning, he was sleeping on the floor in front of her parents' room.

When appellant left with her father, D.M. informed a close family friend and her mother of what had happened the night before. They took D.M. to the hospital, where the police were called. An investigator from the Sheriff's Department, Brent Norris, was assigned to D.M.'s case. He took possession of her clothes at the hospital. The clothes were examined at the Texas Department of Public Safety Crime Lab, and semen was located on D.M.'s underwear and on the front of her shirt. The latter was insufficient to be tested, but the material on her underwear tested positive for DNA. The DNA analysis implicated appellant.[1] Appellant testified at trial. While he admitted to the extraneous offense discussed below, he denied DM's allegations. When asked how his DNA could have found its way to DM's underwear, he stated, "I was tossing and turning through the night, and maybe from, like, a wet dream or something like that."

The jury found appellant guilty of both sexual assault of a child and indecency with a child. The jury assessed his punishment at eight years' confinement in the Texas Department of Criminal Justice–Institutional Division for each offense. The trial court ordered the sentences to run concurrently. This appeal followed.

---

[1] The DNA section supervisor of the Crime Lab testified specifically that "the DNA profile from the sperm cell fraction was interpreted as originating from a single individual. Obtaining this profile is 12.6 quintillion times more likely if the DNA came from [appellant] than if the DNA came from an unrelated or unknown individual. Based on the likelihood ratio result, [appellant] cannot be excluded as a possible contributor to the profile."

## II. DISCUSSION

### A. Admission of Extraneous Evidence

In his first issue, appellant argues that the trial court erred when it admitted evidence of an extraneous offense pursuant to article 38.37 of the Texas Code of Criminal Procedure, because the evidence was not adequate to allow the jury to find beyond a reasonable doubt that appellant committed the extraneous offense. Article 38.37 provides that—notwithstanding the rules of evidence regarding character evidence—evidence that the defendant has committed one of a certain list of offenses may be admitted at trial "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CRIM. PROC. CODE art. 38.37, § 2(b).

Before this evidence may be introduced, the State must give the defendant notice of its intent to introduce the evidence in its case in chief; the notice must be given not later than the 30th day before trial. *Id.* § 3. The trial court must then conduct a hearing, outside the presence of the jury, and determine that the evidence "will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt." *Id.* § 2-a. In appellant's case, the State timely delivered its Notice of Intent to Introduce Extraneous Offenses Under T.C.C.P. Art. 38.37 (the Notice), and the trial court held a hearing and concluded that evidence of extraneous offenses met article 38.37's requirements.

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Id.* at 83. We will uphold the trial court's ruling if it is reasonably supported by the evidence and is correct under any theory of law applicable to the case. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

The State's Notice included a one-page pleading stating its intent to introduce "evidence of separate offenses" pursuant to section 2 of article 38.37 "as follows:"

> On or about year 2012, in Grayson County, Texas, the defendant committed the felony offenses of Continuous Sexual Abuse of a Child. The victim is [K.D.]. See Sherman PD offense report case no. 17-001857, a copy of which has been previously provided to the defendant, a copy of which has been attached hereto and incorporated herein for all purposes.

The eight-page offense report was attached to the pleading. It detailed the police investigation into the allegations at issue and concluded by reporting appellant's confession to repeated sexual intercourse and "multiple forms of sexual contact" with his then seven or eight-year-old stepsister. Appellant was thirteen years old at the time of the conduct.

Appellant's first issue is rooted in that final fact: because he was thirteen years old at the time of the conduct, he could not be charged with the offense of continuous sexual abuse of a child. See TEX. PENAL CODE § 21.02(b)(2) (requiring the actor, at the time of the commission of each of the acts of sexual abuse, to be "17 years of age or older"). Thus, appellant argues, the evidence admitted at the article 38.37 hearing could not have been adequate to support a finding by the jury that he committed continuous sexual abuse of a child, as the State's Notice asserted. *See* CRIM. PROC. art. 38.37, § 2-a.

The issue of appellant's age was initially raised at the article 38.37 hearing by the trial court. The State responded then, as it does in this Court, that the Notice included the police report that detailed both the investigation into conduct alleged by K.D. and appellant's confession to that conduct. The prosecutor argued that article 38.37 spoke to the evidence being offered at the hearing, not simply the name of the offense. He stated:

> [W]e're talking about adequate notice of our intent to introduce testimony by [K.D.], about various acts of sex abuse that are admissible under 38.37. And when we attached the police report to that and incorporated it therein, it becomes part of the notice. And so, everything that's listed in there and discussed has been provided to them 30 days before trial and it's satisfied 38.37.

Counsel for appellant responded that what the State wanted to prove with the evidence was continuous sexual abuse of a child, and because the State could not prove all the elements of that offense given appellant's age, the offense could not be proved beyond a reasonable doubt as the statute requires. The court ruled that evidence of continuous sexual abuse of a child would not be admissible, but it allowed evidence of the other sexual offenses, "support[ing] consistent behavior with what's accused in this case," that were established by the police report.[2]

Appellant stresses that article 38.37 requires the evidence presented at the hearing to be adequate to support a finding by the jury that the defendant committed "the separate offense" beyond a reasonable doubt and that the separate offense must be the offense for which the State provided notice. We agree. But appellant argues the State gave notice only of the offense of continuous sexual abuse of a child, and on that point we disagree. The police report was attached to and incorporated by reference within the one-page pleading provided by the State. We conclude the report was part of the State's Notice for all purposes. Accordingly, the Notice contained evidence that appellant engaged in sexual intercourse and multiple acts of sexual contact, including oral sex, with K.D. The trial court's ruling stated that appellant's conduct described in the Notice was consistent with the charges against him in the current case, i.e., sexual assault of a child and indecent exposure. Both of those offenses are found on the list of offenses to which section 2 applies. *Id.* § 2(a)(C), (D).

We conclude the State's Notice included the evidence from the attached police report and gave sufficient notice of the offenses described in that report. We conclude further that the report and testimony at the hearing provided evidence adequate to support a jury finding that appellant

---

[2] The State contends that appellant did not preserve error on this issue in the trial court. In this unusual context, when the trial court raises the issue itself, we conclude appellant's counsel adequately conveyed the objection that the State gave notice it wanted to prove continuous sexual abuse of a child, but because appellant's age was an element of that offense, the offense could not be proven as article 38.37 requires. Certainly the trial court had the opportunity to consider and rule on the issue, a primary concern underlying the requirement of preservation of error. And because the court raised, considered, and ruled on this issue outside the presence of the jury, appellant was not required to renew his objection when K.D. testified at trial. TEX. R. EVID. 103(b).

committed those separate offenses beyond a reasonable doubt. The trial court did not abuse its discretion in admitting evidence of the extraneous offenses pursuant to article 38.37. We overrule appellant's first issue.

## B. Admission of Testimony Concerning a Witness's Truthfulness

In his second issue, appellant contends the trial court erred by allowing Investigator Norris to comment on D.M.'s truthfulness. Again, we review the trial court's ruling admitting or excluding evidence for an abuse of discretion. *Henley*, 493 S.W.3d at 82–83.

The exchanges at issue are quite brief. We reproduce them here for context and clarity:

Q. (By the prosecutor) Investigator Norris, had you come to a conclusion that in a situation like this there was a way to determine who was telling the truth?

A. With the DNA, sir.

Q. In other words, you had concluded if you found the defendant's sperm on any of her clothing or in the bed, he's lying, she's telling the truth.

At this point, counsel for appellant objected to the question as improper, and the State asked for a bench conference. The trial court overruled the objection, and the prosecutor continued his questioning:

Q. So Investigator Norris, in every investigation we just heard you say we're trying to get to the bottom of it. What does that mean?

A. Trying to figure out what was actually done, who's --

Q. Who's telling the truth.

A. -- done something. Yes, sir.

Q. And who ain't. Right?

A. Uh-huh.

Q. And DNA -- is the presence of the defendant's sperm one way that you were going to be able to do that?

A. Yes, sir.

The prosecutor then went on to question Norris about his collecting evidence for DNA testing.

Appellant complains that through these exchanges the witness implied that if DNA were present on D.M.'s bed or clothing, then she was telling the truth and appellant was lying about what had occurred. Allowing this testimony, he contends, allowed Norris to testify to the truthfulness of D.M.

Appellant is correct that it is generally improper for a witness to offer a direct opinion as to the truthfulness of another witness. *Fisher v. State*, 121 S.W.3d 38, 40 (Tex. App.—San Antonio 2003, pet. ref'd). In this case, though, we conclude that Norris did not give a direct opinion as to the truthfulness of another witness. He did not state his belief as to veracity of—or vouch for—any witness. Rather, he agreed with the prosecutor that physical evidence, here DNA evidence, can be useful in resolving a disputed issue. That is not an inadmissible position for a witness to take.

We conclude the trial court did not abuse its discretion in admitting Norris's testimony. We overrule appellant's second issue.

## CONCLUSION

We have decided both of appellant's issues against him. Accordingly, we affirm the trial court's judgment.

/Robert D. Burns, III/

Do Not Publish
TEX. R. APP. P. 47

ROBERT D. BURNS, III
CHIEF JUSTICE

180951F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

CHARLES JACOB MARSHALL,
Appellant

No. 05-18-00951-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 59th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. 068850.
Opinion delivered by Chief Justice Burns.
Justices Whitehill and Partida-Kipness
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of August, 2019.



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

CHARLES JACOB MARSHALL,
Appellant

No. 05-18-00953-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 59th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. 069416.
Opinion delivered by Chief Justice Burns.
Justices Whitehill and Partida-Kipness
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of August, 2019.